**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDY PADRON FLORES,

      Plaintiff,

    v.

EQUIFAX INFORMATION
SERVICES LLC and BARCLAYS
BANK DELAWARE,

      Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ANDY PADRON FLORES (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and BARCLAYS BANK DELAWARE (hereinafter "Barclays") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Barclays is an FDIC insured state-chartered bank with its principal office located at 125 S. West Street in Wilmington, Delaware 19801 that conducts business in the State of Florida.

14.    Barclays is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    Barclays furnished information about Plaintiff to the CRAs, including but not limited to Equifax, which was inaccurate.

## FACTUAL ALLEGATIONS

16.    Plaintiff is alleged to owe a debt to Barclays, account number ending x5217 (hereinafter "Barclays Account") regarding a credit card. Plaintiff does not have a Barclays account, nor has he ever applied or given permission to anyone to apply using his information for an account with Barclays.

17.    On or about September 17, 2023, Plaintiff attended an informational seminar at Wyndham Orlando Resort International Drive in Orlando, Florida. As an incentive, the resort was offering a discounted vacation just for attending the seminar.

18.    To participate in the seminar and discounted vacation, Plaintiff provided some of his information.

19.    At the conclusion of the seminar, Plaintiff opted to not move forward with the discounted vacation offer and did not book a vacation with Wyndham.

20.    Shortly thereafter, Plaintiff received an email regarding a new Wyndham Rewards Earner credit card, and a few days later received the physical credit card in the mail. At no time had Plaintiff authorized this credit card.

21.    On or about September 22, 2023, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the Barclays Account was being reported to his credit file and stated it had been opened on September 17, 2023.

22.    On or about October 3, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, he explained that he is a victim of identity theft and that the Barclays Account was opened under his name without his authorization and listed in his credit reports.

23.    Due to the inaccurate reporting, on or about October 12, 2023, Plaintiff mailed a detailed written dispute letter to Equifax. Plaintiff explained that he believed he was a victim of identity theft and that the Barclays Account was not his and did not belong to him. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of correspondence from Barclays regarding the fraudulent account, and images of his filed Federal Trade Commission Identity Theft Report, number 164986875.

24.    Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 1063 2158 03.

25.    On or about October 19, 2023, despite providing images of his driver's license and Social Security card, Equifax responded to Plaintiff's dispute letter by stating they needed proof of identification from Plaintiff.

26.     Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of an updated copy of his credit report, Plaintiff observed the Barclays Account continued to be reported with a comment which indicated the Barclays Account had previously been in dispute and verified as accurate.

27.     Despite providing Equifax with all the relevant information needed to prove the Barclays Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

28.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Barclays.

29.     Equifax never attempted to contact Plaintiff during the alleged investigation.

30.     On or about October 20, 2023, Plaintiff received a letter from Barclays directly which stated the Barclays Account was verified as accurate.

31.     Upon information and belief, Equifax notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.     On or about November 14, 2023, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed the Barclays Account

continued to be reported with a status of "Closed", and a comment in the tradeline that states, "Consumer disputes this account information".

33.     Due to the continued inaccurate reporting, on or about November 22, 2023, Plaintiff mailed a second dispute letter to Equifax regarding the fraudulent Barclays Account. Plaintiff reiterated the Barclays Account was not his and did not belong to him. Plaintiff again included an image of his driver's license and Social Security to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of correspondence from Barclays regarding the fraudulent account and verification of the aforementioned account, images of his filed Federal Trade Commission Identity Theft Report, number 164986875, and other supporting documents.

34.     Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 1332 1505 90.

35.     On or about December 6, 2023, Equifax responded to Plaintiff's detailed dispute letter by stating the Barclays Account was verified as accurate.

36.     Despite providing Equifax with all the relevant information needed to prove the Barclays Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

37.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Barclays.

38.     Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     Equifax has never attempted to contact Plaintiff about his disputes and has refused to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

41.     Despite Plaintiff's best efforts, Equifax continued to report the inaccurate and fraudulent Barclays Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

42.     Equifax simply continued to parrot off the back of Barclays and has not conducted an actual investigation despite Plaintiff's pleas.

43.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

44.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.    Reduction in credit score; and

v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

45.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

46.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.    Equifax allowed for Furnisher(s) to report inaccurate information on an account.

48.    Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

49.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

50.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

51.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

52.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

54.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

56.     Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

57.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

58.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

59.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

60.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT III</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

61.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

62.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

63.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

64.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

65.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

66.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

68.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

69.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

14

70.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

71.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

72.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Barclays Bank Delaware (Negligent)**

73.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

74.     Barclays furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

75.     After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Barclays; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

76.     Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account was fraudulent.

77.     Barclays did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Barclays by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

78.     Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

79.     As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and inaction of Barclays was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual damages against Defendant, BARCLAYS BANK DELAWARE, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Barclays Bank Delaware (Willful)**

82.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

83.     Barclays furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

84.     After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

85.     Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account was fraudulent.

86.     Barclays did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Barclays by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

87.    Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

88.    As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.    The conduct, action, and inaction of Barclays was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

90.    Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BARCLAYS BANK DELAWARE, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANDY PADRON FLORES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and BARCLAYS BANK DELAWARE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of January 2024.

Respectfully Submitted,

**/s/ Christopher Legg**
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859

The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*